```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Norfolk Division
```

JOHN B. VESTER, #517044,

       Petitioner,

v.                             CIVIL ACTION NO. 2:05cv711

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, John B. Vester ("Vester"), was convicted in the Circuit Court for the County of Henrico ("Circuit Court") on September 5, 2002,[1] for driving under the influence as a third or

---

[1] According to the instant petition, Vester was represented by Joseph McGrath, Esq., for the driving-under-the-influence convictions in 2002 and 2003, see infra, which Vester now challenges in the instant petition.

subsequent offense within ten (10) years ("the third conviction"),[2] and for failure to appear,[3] for which he received a sentence of four (4) years,[4] six (6) months and sixty (60) days imprisonment, with four (4) years and six (6) months suspended, as reflected in the Circuit Court's sentencing order of October 2, 2002.[5] This conviction stemmed from an October 30, 1999 traffic stop in Henrico County, in which Vester was arrested for driving under the influence after having failed to stop his vehicle despite being chased by police. On May 23, 2003, Vester was again convicted for driving under the influence as a fourth or subsequent offense within ten (10) years ("the fourth conviction"), based on an offense date of July 31, 2000, in which Vester was observed slumped

---

[2]According to the record, Vester had been previously convicted of two (2) misdemeanor charges of driving under the influence on August 21, 1995. Apparently, Vester had been represented by his court-appointed attorney, James Nachman, Esq., during those convictions. Vester's subsequent attempts to suppress evidence of the 1995 convictions formed the basis for his direct appeals and for the instant petition.

[3]Apparently, Vester had been indicted by the grand jury for the driving under the influence charge on May 8, 2000, but he failed to appear for his trial in 2000 for this offense. This led to his failure to appear conviction at the September 2002 trial.

[4]The Court notes that Respondent erroneously stated in his supporting memorandum that Vester was sentenced to "a total of 5 years and 8 months imprisonment, with 5 years and 6 months suspended." Resp.'s Mem., at 1.

[5]According to Vester's petition, he entered a plea of guilty to the failure to appear charge (CR00-3663) and he entered a conditional guilty plea to the driving under the influence charges (CR00-1115 and CR00-4927).

behind the wheel of an automobile stopped in a turn lane of a highway in Henrico County. For this offense, Vester received a sentence of twelve (12) months imprisonment, as reflected in the Circuit Court's sentencing order of October 23, 2003.

As part of his plea of conditionally guilty, Vester reserved the right to appeal the decision of the Circuit Court denying his pretrial motion to suppress evidence of his two (2) prior driving-under-the-influence convictions from 1995 ("the 1995 convictions"), which the Commonwealth used to enhance the offense and punishment range for the subsequent convictions.

Vester appealed his conviction for the third conviction to the Court of Appeals of Virginia ("Court of Appeals"), alleging that the trial court erred in denying his motion to suppress the 1995 convictions. That court rejected his appeal on the merits, finding that Vester could not collaterally attack the validity of the 1995 convictions, and affirmed his third conviction on March 9, 2004. Record No. 2614-02-2.[6] Apparently, Vester failed to timely file his petition for appeal to the Supreme Court of Virginia, which, on May 6, 2004, dismissed the petition because it "was not perfected in the manner provided by law." Record No. 040769. Vester also appealed his conviction for the fourth conviction to the Court of Appeals, again alleging that the trial court erred in denying his

---

[6]Reported in Vester v. Commonwealth, 42 Va. App. 592, 593 (2004).

motion to suppress the 1995 convictions because his counsel failed to perfect an appeal of these convictions and arguing that the convictions were invalid and should not have been used to enhance the penalty for the fourth conviction.[7] That court again rejected his appeal on the merits, relying on the opinion of the Court of Appeals, Record No. 2614-02-2, which rejected the same argument that had been raised in his appeal of the third conviction, and affirmed his fourth conviction on May 3, 2004. Record No. 2744-03-2. The Supreme Court of Virginia summarily refused that petition for appeal on December 17, 2004. Record No. 041219. On March 16, 2005, the Supreme Court of Virginia denied Vester's petitions for rehearing in each of the aforementioned appeals. Record Nos. 041924, 041219. Vester then submitted a combined petition for a writ of certiorari to the United States Supreme Court, which was denied on October 3, 2005. Record No. 04-10563. Vester did not file a state habeas corpus petition.

On November 16, 2005, while in the custody of the Virginia

---

[7] In that appeal, Vester also asserted two additional grounds: (1) that the trial court erred in admitting evidence of a September 22, 1988 misdemeanor conviction for driving under the influence because the evidence did not show that he was represented by counsel for that conviction; and (2) that the trial court erred in admitting the results of his breath test (for the fourth conviction) because the Commonwealth failed to prove that the officer who administered the test gave Vester a copy of the results, in violation of Va. Code § 18.2-268.2. The Court of Appeals rejected both of these claims on the merits, Record No. 2744-03-2, and Vester does not renew either of these claims in the instant petition.

Department of Corrections at the Chesapeake City Jail, Chesapeake, Virginia, Vester executed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court received and filed this petition on December 7, 2005.[8] On January 20, 2006, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(J).[9] On March 9, 2006, Vester filed his response to Respondent's Motion to Dismiss along with an addendum to that response.[10] Respondent did not file a reply to Vester's

---

[8]Vester appears to have originally signed the federal petition for habeas corpus on November 16, 2005, and it was properly executed when he deposited it with prison officials for mailing on that date. The petition was accompanied by the requisite $5.00 filing fee, and it was received by the United States District Court for the Eastern District of Virginia, Richmond, on November 30, 2005 and conditionally filed with this Court on December 7, 2005.
    The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, as there is no evidence in the record to the contrary, the Court will assume that Vester delivered his federal habeas petition for mailing on November 16, 2005. Further, the Court considers Vester's petition as filed, for statute of limitations purposes, on that date.

[9]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of <u>Roseboro v. Garrison</u>, 582 F.2d 309 (4th Cir. 1975). This included advising Vester that he had twenty (20) days to file a response to the Motion to Dismiss. The Notice was mailed to Vester on January 18, 2006.

[10]On February 8, 2006, Vester filed a motion requesting the appointment of counsel, which was denied by the Court's order of

responsive papers within the three (3) additional days provided for in the Court's order of March 14, 2006.

### B. Grounds Alleged

Vester now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reason substantially as follows:

> (a) The 1995 convictions for driving under the influence were improperly used to enhance his charges and sentences for the third and fourth driving under the influence charges.

Vester's direct appeals in the state court asserted essentially the same claim for relief as alleged in the instant petition. Those appeals were denied by the Court of Appeals and by the Supreme Court of Virginia.

### II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Vester's request for an evidentiary hearing. See Petitioner's Addendum to Response in Opposition to Motion to Dismiss and Memorandum in Support of the Motion to Dismiss ("Petitioner's Addendum"). The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES

---

February 10, 2006. That same order granted Vester's motion for an extension of time within which to file his response to the motion to dismiss. That response was received by this Court and filed subject to defect on March 9, 2006 because it lacked an original certificate of mailing. The defect was cured by the Court's order of March 14, 2006.

Vester's motion for an evidentiary hearing.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that Vester's claim is exhausted, requiring evaluation of the petition's merits.[11]

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Vester's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Vester's appeal to the Court of Appeals and to the Supreme Court of

---

[11]The Court notes that Respondent has not addressed whether Vester's petition was timely filed. Vester's conviction did not become final until June 14, 2005, ninety (90) days after the denial of his petitions for rehearing on March 16, 2005, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, Vester had one (1) year from that date, or until June 14, 2006, within which to file his petition with this Court, or be barred by the expiration of the statute of limitations. 28 U.S.C. § 2244(d)(1). Because the instant petition was considered as filed on November 16, 2005, for statute of limitations purposes, it was timely filed in this Court.

Virginia contained the same claim raised in the instant petition. Further, Respondent concedes that Vester has exhausted this claim. Therefore, the Court FINDS that this claim is exhausted.

### B. <u>Merits</u>

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000). <u>See also</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in <u>Williams</u>[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has

been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." <u>Id.</u> at 411.

In the instant petition, Vester claims that the 1995 convictions were improperly used to enhance the charges for the third and fourth convictions from misdemeanor driving-under-the-influence ("DUI") charges to felony DUI charges. In particular, Vester claims that the 1995 convictions should not have been used at his trials for the third and fourth convictions because his court-appointed counsel failed to timely perfect an appeal of the 1995 convictions. This, Vester asserts, rendered those convictions invalid for enhancement purposes, constituted ineffective assistance of counsel, and "essentially waived [Vester's] opportunity to make a case on the merits of his appeal[s]." Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus ("Petitioner's Memorandum"), at 3. He further asserts that: "[his] situation cannot be distinguished from that of someone who had no counsel at all. Ineffective assistance of counsel is no counsel." <u>Id.</u>

Because the Supreme Court of Virginia summarily refused each of Vester's petitions for appeal, this Court looks to the

9

disposition of his appeals (for the third and fourth convictions) in the Court of Appeals as the last reasoned state judgments on the instant claim. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

**1. State Court's Application of Clearly Established Federal Law**

Vester has not demonstrated that either of the decisions by the Court of Appeals, affirming his third and fourth convictions, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). The principle case relied upon by the Court of Appeals, also cited by Respondent and Vester, was <u>Custis v. United States</u>, 511 U.S. 485 (1994), in which the Supreme Court clearly distinguished between the failure to appoint counsel for an indigent defendant, which the Court defined as a "<u>unique constitutional defect</u>," and the alleged ineffectiveness of counsel, which the Court determined "[did not] rise[] to the level of a [constitutional] jurisdictional defect resulting from the failure to appoint counsel at all." <u>Custis</u>, 511 U.S. at 496 (citing <u>Johnson v. Zerbst</u>, 304 U.S. 458, 465 (1938)). In <u>Custis</u>, the defendant was convicted in federal court of possession of a firearm by a convicted felon, under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924 (e) ("ACCA"), which carried enhanced penalties because of his prior state convictions. <u>Id.</u> at 488. The defendant opposed the use of two (2) of the state convictions for sentence-enhancement because he allegedly received ineffective assistance of

counsel at the trial of those convictions. Id. The Supreme Court held that the defendant was unable to collaterally attack his sentence enhancement based on allegations of ineffective assistance of counsel: "Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in Gideon.[12] We decline to do so." Id. at 496.

Similarly in Daniels v. United States, 532 U.S. 374 (2001), a case relied upon by both Respondent and Vester, in which a defendant moved to vacate his federal conviction under the ACCA because his sentence enhancement was based on two (2) state convictions in which he allegedly received ineffective assistance of counsel, the Supreme Court reaffirmed its holding in Custis:

> Thus we have held that if, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence. . . . This rule is subject to only one exception: If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings. . . . No other constitutional challenge to a prior conviction may be raised in the sentencing forum.

Daniels, 532 U.S. at 382 (citing Custis, 511 U.S. at 496-97) (internal quotations omitted). The import of Daniels was to extend

---

[12] Gideon v. Wainwright, 372 U.S. 335 (1963) (establishing the right to court-appointed counsel for indigent criminal defendants).

11

Custis to limit a federal prisoner from collaterally attacking his prior state convictions through a 28 U.S.C. § 2255 proceeding to challenge his enhanced federal sentence.[13] See Johnson v. United States, 544 U.S. 295, 304 (2005). The Court also noted that, even assuming his prior convictions were the result of ineffective assistance of counsel at the trial level, the defendant "failed to pursue remedies that were otherwise available to him to challenge his [prior] convictions," and he failed to establish that "he was prevented from doing so by some external force." Id. at 384. Again, the Supreme Court held that the defendant could not collaterally attack his prior convictions that were used for sentence enhancement. Id.

Relying on this federal case law, the Court of Appeals, in affirming his third conviction,[14] stated:

> The effectiveness of counsel is a separate issue from the right to counsel , although the two have often been analyzed in the same cases. . . . The United States Supreme Court

---

[13]The Court notes that both Custis and Daniels involved enhancement of a sentence through the use of prior convictions. In the instant case, the 1995 convictions were required elements of the offenses of which Vester was convicted: driving under the influence, third or subsequent offence within ten (10) years (third conviction), and driving under the influence, fourth or subsequent offence within ten (10) years (fourth conviction). See Va. Code Ann. §§ 18.2-266 and 18.2-270.

[14]In affirming the fourth conviction, the Court of Appeals noted that it had previously rejected the same argument made by Vester in his appeal of the third conviction, Record No. 2744-03-2, thus the instant analysis centers on the Court of Appeals' written opinion in affirming the third conviction.

> has, likewise, explicitly distinguished between a defendant's lack of counsel and a defendant's lack of "effective" counsel.
>
> . . .
>
> Moreover, the United States Supreme Court explicitly held in <u>Custis</u> that the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the <u>actual</u> denial of counsel. . . . Accordingly, and consistent with the United State Supreme Court's decision in <u>Custis</u>, we find that Vester's sole claim of ineffective assistance of counsel, as a basis for challenging his underlying convictions for DUI, does not "rise to the level of a [constitutional] jurisdictional defect resulting from the failure to appoint counsel at all.

<u>Vester</u>, 42 Va. App. at 597-98 (citing <u>Custis</u>, 511 U.S. at 496; <u>Daniels</u>, 532 U.S. at 378) (other citations omitted). Ultimately, the Court of Appeals held that Vester could not collaterally attack the validity of the 1995 convictions for enhancement purposes, and his third conviction was affirmed. <u>Vester</u>, 42 Va. App. at 598.

Vester has attempted to distinguish both <u>Custis</u> and <u>Daniels</u>, <u>supra</u>, from the instant case because "in both cases[,] the petitioners were proceeding under Congressionally established statutes [for sentence enhancement], in courts established by Congress," whereas Vester's sentence was enhanced under Virginia's driving-under-the-influence statute, in accordance with state law. Petitioner's Memorandum, at 4. Vester cites no federal law to support that proposition. Indeed, that very issue was addressed and rejected by the Court of Appeals, which determined that "the

13

[Supreme Court in Custis] did not base its determination [to deny the petitioner's collateral attack on his prior state convictions] solely on the distinctive nature of [the ACCA, as a federal statute]." Vester, 42 Va. App. at 598. One of the cases that Vester cites as support for his position, Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001), actually cuts against his position.[15] In Cross, the Supreme Court extended the holding of Daniels, that a petitioner could not collaterally attack his federal sentence enhancement based on prior state convictions using a 28 U.S.C. § 2255 proceeding, and was thus limited to pursuing other available remedies to attack the underlying convictions, to include 28 U.S.C. § 2254 proceedings where the petitioner attempts to attack sentence enhancement under state law. Cross, 532 U.S. at 403-04. The Supreme Court reaffirmed the "exception" to this general rule, however, in cases where there was

---

[15]Vester also cites other Supreme Court cases that he characterized as having "considered the issue of collaterally attacking prior unconstitutional convictions to enhance a subsequent charge or sentence," from which he suggests that "there has yet to be a unanimous decision" on the issue. Petitioner's Memorandum, at 7. These include Johnson v. United States, 544 U.S. 295, 311 (2005) (petitioner's lack of due diligence in pursuing his remedies under 28 U.S.C. § 2255, three(3) years after learning that the state convictions used for sentence enhancement had been vacated, did not prevent the running of the statute of limitations under AEDPA); Duncan v. Walker, 533 U.S. 167, 181 (2001) (federal habeas petition was not "an application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), and thus did not toll the statute of limitations under the AEDPA); and Evitts v. Lucey, 469 U.S. 387 (1985) (decided prior to Custis and its progeny). The Court finds that these cases are not availing to Vester's position.

a "failure to appoint counsel [for a defendant] in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 91963)." Id. at 404. As the Court of Appeals found, that exception does not apply in the instant case, since Vester was appointed counsel for the 1995 convictions.

Based on the foregoing, the Court finds that Vester has failed to establish that the Court of Appeals' decision was based on an unreasonable application of clearly established federal law.

### 2. State Court's Determination of Facts

In addition to showing the state court unreasonably applied federal law, a habeas petitioner can prevail if he can show that the state court's decision relied on an unreasonable determination of facts. 28 U.S.C. § 2254(d). Vester has asserted that his trial counsel's ineffectiveness in failing to perfect his appeal of the 1995 convictions is tantamount to a lack of counsel. Petitioner's Memorandum, at 3. Vester cited a number of cases, which purport to support this argument, but the Court finds these cases merely stand for the proposition that indigent defendants are entitled to the opportunity for court-appointed counsel. Again, Vester fails to distinguish between the failure to appoint counsel and the effectiveness of that counsel, as noted by the Court of Appeals, see, e.g., Vester, 42 Va. App. at 596-97, as well as Custis and its progeny, supra. The Court of Appeals found that Vester had in fact been appointed counsel for the 1995 convictions; Vester does not

15

contest that finding. That ends the inquiry with respect to the application of Custis, supra. Consequently, Vester has failed to show that the Court of Appeals dismissal of his appeal was based on an unreasonable determination of the facts.

Based on the foregoing, this Court FINDS that Vester has failed to establish that the state court's determination that evidence of his 1995 convictions could be used in his subsequent prosecutions for driving under the influence was either legally or factually unreasonable. As such, the Court recommends that the claim be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having denied Vester's motion for an evidentiary hearing, recommends that Vester's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that Vester's petition be DISMISSED WITH PREJUDICE.

Vester has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. Miller-El v. Cockrell, 537 U.S. 322 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the

16

Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                          /s/
                                           F. Bradford Stillman
                                           United States Magistrate Judge

Norfolk, Virginia

August 10, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John B. Vester
605 Hoffman Avenue
Chesapeake, Virginia 23325
PRO SE

Eugene P. Murphy, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

          Fernando Galindo,
          Acting Clerk of Court


      By: _____
          Deputy Clerk

          August  , 2006